Per Curiam.
The bill states, that in 1803, the complainant purchased land and gave his bond for $250, having then an account against Buford for $130, which account, being not present, Buford agreed to give credit for; that he afterwards presented the account to Buford, which he admitted to be correct, and promised to give credit for, but never did; that in August, 1804, his wife tendered the balance, but Buford declined receiving it, having not as much use for it as the complainant had, but recognized the credit; that Buford assigned his bond to Edward Buford, who knew of the circumstances, but brought on an action upon the bond, and would recover the whole amount unless restrained by injunction. The bill is filed against James Buford, Spencer Buford, and Charles Buford, executors of James Buford, deceased. An injunction was awarded. It is not stated why he did not sue at law, nor why he did not plead a set-off. The executors all answer, and deny all the material parts of the bill. Click does not remember the presentation of the account when the bond was executed, but, answering yes to *157 three leading questions, affirms that Buford then promised to give credit; he expects the testator knew the amount. Mr. Booker, who was present and drew the writings, does not remember this promise. George Andrews speaks of the admission of Edward Buford acting as agent for his father; also, of admissions made by Spencer Buford on the 19th, 22d, and 25th of February, 1811, of Ragsdale’s going to J. Buford on the 28th, and of his precipitate retreat, and shutting the door, and states that Edward, and then Mabane, offered to purchase the account. John Andrews speaks of what happened on the 21st of February, * 1811. Edward told Rags-dale his father would not give credit. On the 25th he saw them at Mabane’s, and confirms wdiat is stated by George Andrews. Wallace speaks of the account presented to Spencer Buford in February, 1811, and of his admitting it to be all just but the sawing. Mabane says all the Bufords denied the account, and that Ragsdale admitted he had not insisted on the account when the bond was executed, saying, if he had done so, the old man would not have let him have the land. Ragsdale, the witness, says that the complainant told him of the tender made by Ragsdale’s wife, and that Buford refused because he wanted all. Samuel Long says Buford, the testator, told him all the land was paid for but $60. Dodson and Hayley say the complainant mentioned that thej testator disputed his just account of $60. Ragsdale did not present his account when the bond was given. The bill states that.
That Buford, the testator, then promised to give credit, is only proved by Click, which statement Ragsdale contradicts in his conversation with Mabane, to whom he states that he was then afraid to claim it. It is not remembered by Booker. Ragsdale, the witness, overturns the statement of Buford, the testator, having recognized the credit when the money was tendered by the wife. He wanted all. And S. Long is contradicted by the bill, which ad-, mits all due but the $130, due by account, which he claims credit for. Long says Buford told him all was paid but $60, and that he did not know whether he would claim that. .Dodson and Hayley show the complainant’s admissions that the account was to the amount of $60 only. As to the admissions said to be made by Edward and S. Buford, in the lifetime of the father, when they knew that he denied the account, they cannot avail the complainant. They had no authority to make them. They must *158 be laid out of the case. There is, * moreover, evidence '■ on both sides relative to this point, which render the affirm- : ative doubtful. Click saying that Buford promised to give evidence, opposed by what Ragsdale said to Mabane, assigning his reasons for not claiming the acdount when the bond was signed, is rendered doubtful thereby ; and the more so by Booker’s not recollecting it, though as he drew the writings it is probable he was informed of all the circumstances. The positive denial of this allegation by two of the defendants, who were present at the time, the court does not rely on, for in no .case is an answer replied to evidence against the plaintiff, whether his bill be sworn to or not. The answer which cannot be replied to, is evidence for the defendant. That is the case of an answer to a bill for discovery. The plaintiff knows that he will not be allowed to reply to it. His conduct in calling for the answer, is an agreement to abide by it, as well where it turns out to be unfavorable as where it makes for him. Neither is more verity attributable to a bill sworn to, than to one which is not so. The oath of the plaintiff is required ad informandum eonseientiam curien, not for the purpose of making it evidence against his adversary, who denies it. Were we to proceed on the evidence, it would not enable us to say the credit was promised to be given. But there is still a greater obstacle in the way ; the suit at law, whilst it was yet depending, was stopped by injunction. Why did not the complainant plead payment? Why not offer to set off the account? He did not either the one or the other. The same evidence by which he could establish the fact here, would equally establish the same fact at law, and could be as easily presented there as here. Shall this court then take upon itself, unnecessarily, the province of a jury, and decide the question which is properly to be determined by them ? This ought never to be done, unless where matters are so circumstanced that a jury cannot act with effect, owing to some circumstance * not under the control of the plaintiff. We are clearly of opinion, that upon this ground alone the complainant is not yet in a situation to demand the interference of this court. It is argued that an unliquidated account cannot be set off; if that were correct, he may still sue at law. But the position is not correct; unliquidated damages to be ascertained by the discretion of a jury, cannot be set off; but unliquidated damages to be assessed *159 on pecuniary demands, as for goods sold and delivered, work and labor done, and in all cases where indebitatus assumpsit will lie, may be set off. Cowper’s Reports, 57; 2 Dall. 265; 6 Term, 488; 2 Bl. Rep. 394. Coi’rect reasoning alone would conduct us to this conclusion, and it is abundantly confirmed by authority. Cowper’s Equity Pleading, 125; 6 Ves. 136; 4 Henning & Munford, 499.
Dismiss the complainant’s bill with costs, and with directions that the time elapsed during the pendency of this bill in equity shall not be computed against the complainant, in any plea of the statute of limitations.
See Allen v. McNew, 8 Hum. 46; Martin v. McAllister, 2 Yer. 111; Bolinger v. Gordon, 11 Hum. 61; Memphis & Little Rock R. R. Co. v. Walker, 2 Head, 467; Ford v. Thompson, 1 Head, 265; Code, 2918. As to demurrer, Caruthers v. Hartfield, 3 Yer. 366; Blythe v. Peters, 3 Yer. 378; Blake v. Hinkle, 10 Yer. 218; Shenault v. Eaton, 4 Yer. 98; Hammond v. St. John, 4 Yer. 107; Marsh v. Haywood, 6 Hum. 210; Henderson v. Overton, 2 Yer. 394; Hale v. Hale, 4 Hum. 183. See King’s Digest, 9641-48, 9787, 10,746.